# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| RAYMOND HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-4133-CV-C-GAF-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Raymond Harrison, filed two applications under the Social Security Act ("the Act"). Plaintiff filed applications for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits ("SSI") based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff's applications were denied initially. On March 1, 2007, following a hearing, an administrative law judge ("ALJ") found Plaintiff was not under a "disability" as defined in the Act, but that determination was remanded by the Appeals Council of the Social Security Administration for further proceedings.

On March 3, 2009, following an additional hearing, another ALJ found Plaintiff was not under a disability as defined in the Act. The ALJ found Plaintiff had bipolar disorder and anxiety, but did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. Applying the special technique for mental impairments, see 20 C.F.R. §§ 404.1520a and 416.920a, the ALJ determined that Plaintiff had mild restriction in activities of daily living; moderate difficulties in social functioning; mild difficulties in maintaining concentration, persistence, or pace; and had experienced no episodes of decompensation. The ALJ found Plaintiff retained the residual

functional capacity ("RFC") to perform work at all exertional levels and could have more than occasional contact with co-workers and supervisors, but should have no contact with the general public. The ALJ found that given this RFC and based on the testimony of a vocational expert, Plaintiff could perform his past relevant work as a fork lift operator, machinist, and assembly worker. Accordingly, the ALJ found Plaintiff was not disabled.

On May 22, 2009, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008). As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. *See Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). Evidence that both supports and detracts from the Commissioner's decision should be considered, but an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935 (citing *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004)); *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) ("even if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either

2

outcome."). The Court should "disturb the ALJ's decision only if it falls outside the available 'zone of choice.' A decision is not outside that 'zone of choice' simply because we may have reached a different conclusion had we been the fact finder in the first instance." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit Court of Appeals has also noted that "[w]e defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

To establish entitlement to benefits, Plaintiff must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A).[1]

Plaintiff argues that the ALJ erred in determining his RFC because she inappropriately evaluated the medical evidence, improperly weighed the medical opinions, and failed to appropriately consider the assessment of a social worker.

Although the RFC finding is a part of the medical portion of a disability adjudication, an ALJ has the duty to formulate RFC based on all the relevant, credible evidence of record, including testimony, and not rely just on medical opinion evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000); *see also* 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling ("SSR")

---

[1]Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

3

96-8p. The ALJ was neither required nor permitted to formulate Plaintiff's residual functional capacity based solely on a single medical opinion, but instead was bound to make that determination based on the record as a whole. *See McKinney*, 228 F.3d at 863. "An ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts*, 222 F.3d at 469 (citation omitted). In this case, the ALJ considered the full record evidence from the relevant time period, including the treatment notes, medical opinions and assessments, and the vocational rehabilitation report.

In determining Plaintiff's RFC, the ALJ properly evaluated the credibility of Plaintiff's allegations of disabling symptoms and found that Plaintiff's allegations were not fully credible. Credibility questions concerning a Plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin*, 349 F.3d at 558. To analyze a claimant's subjective complaints, the ALJ must consider the entire record including the medical records, third party and Plaintiff's statements, as well as such factors as : 1) the claimant's daily activities; 2) the duration, frequency and intensity of pain; 3) dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional restrictions. *See* 20 C.F.R. §§ 404.1529 and 416.929 (incorporating and expanding upon *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). When the ALJ articulates the inconsistencies on which relied in discrediting Plaintiff's subjective complaints, and when those inconsistencies are supported by the record, the credibility determination should be affirmed. *See Eichelberger*, 390 F.3d at 590 ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility."); *Baldwin*, 349 F.3d at 558 ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.").

4

In this case, based on the record as a whole, the ALJ found Plaintiff's allegations credible only to the extent they were consistent with the ultimate RFC finding. The ALJ specifically noted that none of Plaintiff's treatment providers stated Plaintiff should not seek employment and that Plaintiff's medical conditions had not required prolonged hospitalizations or other intensive care. The 2008 vocational rehabilitation assessment showed Plaintiff was capable of completing community college work and had appropriate interaction skills. The ALJ also noted Plaintiff was periodically noncompliant with the treatment that alleviated some of his symptoms, and that Plaintiff had made inconsistent statements about past substance abuse. The ALJ concluded that these factors detracted from Plaintiff's credibility in describing the nature and severity of his impairments. The ALJ articulated the inconsistencies upon which she relied in discrediting Plaintiff's testimony regarding his subjective complaints, and substantial evidence in the record as a whole supports this finding.

The ALJ also properly considered and weighed the medical opinions and assessments of record, including the opinions of Dr. Mahal and Dr. Somireddy, and the counseling intake assessment of the social worker. As part of the overall evaluation of a claimant's allegations, an ALJ must weigh the medical opinions of record and resolve any conflicts among the opinions of the various treating and examining physicians. *See Wagner v. Astrue*, 499 F.3d 842, 848-50 (8th Cir. 2007); 20 C.F.R. §§ 404.1527 and 416.927. This weighing of the evidence to resolve conflicts among the medical opinions falls squarely within the ALJ's fact-finding function. *See Wagner*, 499 F.3d at 848-50 (8th Cir. 2007); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.") (citation omitted).

5

Plaintiff asserts that the ALJ improperly analyzed the opinions of Dr. Mahal and Dr. Somireddy, but the ALJ did not err. The ALJ outlined Dr. Mahal's September 2005 opinion, and properly reported that the physician had opined few marked functional limitations and had also assessed a GAF score of 60, indicating only moderate symptoms or functional difficulties, which was consistent with the rest of the record. The ALJ specifically noted the GAF scores in the opinions of both physicians, and properly weighed those scores as relevant medical evidence in determining Plaintiff's RFC. *See Halverson*, 600 F.3d at 930-31 (GAF scores may be used to assist the ALJ in assessing functioning). Scores based on the GAF scale are not outcome-determinative, but are relevant medical evidence the ALJ should consider. *See id.; Pate-Fires v. Astrue*, 564 F.3d 935, 944-45 (8th Cir. 2009). In this case, the ALJ considered the GAF scores in the context of the rest of the medical evidence, and noted that, consistent with the treatment notes and the rest of the record, Dr. Mahal and Dr. Somireddy frequently assessed GAF scores of 60, indicating only moderate symptoms or functioning.

The ALJ also considered the medical source statement of Dr. Somireddy, to which she afforded little weight. The ALJ specifically noted that although, like Dr. Mahal, Dr. Somireddy had assessed a GAF scores of 60 indicating only moderate functional difficulties, Dr. Somireddy had also rated Plaintiff as severely limited in 14 of 20 areas of work-related abilities. Dr. Somireddy's ratings were not only internally inconsistent with the GAF score, they conflicted with the rest of the record, which showed only moderate symptoms. Dr. Somireddy's conclusions also contrasted with the vocational rehabilitation report, which showed Plaintiff had appropriate interpersonal skills with evaluators and co-workers, and was generally punctual. A treating physician's opinion concerning a claimant's limitations is generally entitled to

6

substantial weight. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004); 20 C.F.R. §§ 404.1527(d) and 416.927(d); *see also* SSR 96-2p. The ALJ is warranted in discrediting a treating physician's opinion that is inconsistent with other evidence in the record or is unsupported by medically acceptable clinical and laboratory diagnostic techniques, however. *See id.; see also Halverson*, 600 F.3d at 931 (when a treating physician's opinion is inconsistent or contrary to the medical evidence as a whole, it is entitled to less weight). The ALJ provided good reasons to afford only little weight to Dr. Somireddy's opinion.

The ALJ also considered the intake assessment of the social worker and afforded it little weight. Under 20 C.F.R. §§ 404.1513 and 416.913, and SSR 06-03p, a social worker is not an "acceptable medical source" who can provide a treating source medical opinion, but is an important "other" medical source whose information the ALJ must consider. *See Shontos v. Barnhart*, 328 F.3d 418, 426 (8th Cir. 2003) (nurse practitioner and therapist are not acceptable medical sources but other medical sources whose opinions must be considered); *see also Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006) ("By definition then, the controlling weight afforded to a 'treating source' "medical opinion' is reserved for the medical opinions of the claimant's own physician, psychologist, and other acceptable medical source."). The ALJ's determination in this case was consistent with the regulations and with SSR 06-03p. *See* 20 C.F.R. §§ 404.1513, 404.1527, 416.913, and 416.927; SSR 06-03p. The ALJ properly noted a social worker is not an acceptable medical source, and considered the assessment. She outlined the particularly low GAF score, which was inconsistent with the rest of the record.

In determining Plaintiff's RFC, the ALJ evaluated all the relevant evidence consistent with the regulations and the rest of the record. The ALJ's determination is supported by substantial evidence in the record.

Plaintiff argues further that the ALJ erred in evaluating his ability to perform his past relevant work at step four of the sequential evaluation process because the ALJ failed to appropriately compare the demands of his past relevant work to his RFC, and because his RFC did not include all of his limitations. As outlined above, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence on the record, and thus the ALJ was not required to consider any additional limitations when the ALJ considered Plaintiff's ability to do past work. The ALJ compared the demands of Plaintiff's past relevant work to his RFC by relying upon the testimony of a vocational expert.

Although the testimony of a vocational expert was not strictly required in this case, the ALJ solicited the testimony of the vocational expert, who assisted in the development of the requirements of Plaintiff's past relevant work, outlining the skill levels and exertional demands for his past relevant work, and obtaining additional information from Plaintiff himself when necessary. Under the sequential evaluation process, if a claimant does not show he cannot perform his past relevant work, either as he performed it or as the work is generally performed in the national economy, he has not met his burden at step four and, thus, is not disabled. *See Jones v. Chater*, 86 F.3d 823, 825 (8th Cir. 1996). When at step four a Plaintiff does not meet his burden, the burden never shifts to the Commissioner, and thus, vocational expert testimony is not strictly necessary. *See Lewis v. Barnhart*, 353 F.3d 602, 648 (8th Cir. 2003); *see also Wingert v.*

*Bowen*, 894 F.2d 296, 298 (8th Cir. 1990) (vocational expert testimony is not needed when the plaintiff can do his or her past relevant work).

Asked a hypothetical question which set forth Plaintiff's limitations in a manner consistent with the ALJ's eventual findings concerning Plaintiff's RFC, the vocational expert testified that Plaintiff could perform his past relevant work as fork lift operator, machinist, and assembly worker. The expert's testimony provided the analytical underpinning necessary for a determination of Plaintiff's ability to perform his past relevant work, and thus supports the ALJ's determination that Plaintiff was not disabled. *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) ("The ALJ relied on Zeiler's own description of her past duties in making these findings [regarding the requirements of her past work]."). Substantial evidence on the record as a whole supports the ALJ's determination Plaintiff could perform his past relevant work.

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

<u>s/ Gary A. Fenner</u>
Gary A. Fenner, Judge
United States District Court

DATED: July 23, 2010